UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN HALL,<br><br>Defendant. | Case No. CR13-113RSL<br><br>ORDER REGARDING<br>PRETRIAL MOTIONS |

This matter comes before the Court on a number of pretrial motions filed by both parties. Dkts. ## 134, 135, 136, 138, 142, 143, 148. Having considered the motions, the parties' memoranda, and the arguments made before the Court on September 10, 2018, the Court finds as follows:

The government filed a motion *in limine* to admit certain statements made by Jeffrey Laviolette, a codefendant who previously pleaded guilty. Dkt. # 134. Those statements were made to law enforcement after they caught Mr. Laviolette, along with an unapprehended man the government claims was defendant Nathan Hall, attempting to bring drugs across the United States–Canada border. Mr. Laviolette identified the unapprehended man as "William Nickerson," which evidence suggests was an alias for Mr. Hall. The government will be permitted to explain the circumstances of the investigation and how it led to defendant, but the motion is DENIED insofar as the government seeks to introduce Mr. Laviolette's actual statement as non-hearsay under Federal Evidence Rule 801(c) or as a present sense impression under Rule 803(1). The Court finds that under Rule 403, it is too prejudicial.

ORDER REGARDING PRETRIAL MOTIONS - 1

The government filed a motion *in limine* to exclude an affidavit by Jeffrey De La Paz, swearing that he was the unapprehended William Nickerson. Dkt. # 135. That motion is GRANTED, because the affidavit is an out-of-court statement that does not fall within any of the exceptions provided in the Federal Rules of Evidence. See Fed. R. Evid. 801, 802.

The government filed a motion *in limine* to prohibit defense counsel and any other defense witnesses from referring in the presence of the jury to the potential prison time Mr. Hall faces if he is found guilty, or to the custodial time he may already have served in connection with this case. Dkt. # 136. That motion is GRANTED.

The government filed a motion *in limine* seeking to preclude the defense from impeaching certain government witnesses with prior convictions that fall beyond the scope of Federal Evidence Rule 609. Dkt. # 138. The Court agrees that those convictions fall outside the scope of what Rule 609 permits, and the motion is accordingly GRANTED.

Mr. Hall filed a motion *in limine* to exclude a variety of evidence. Dkt. # 142. He seeks to exclude evidence of a photographic array in which border agents identified the unapprehended man at the border as the same man pictured on a California driver's license with the name "William Nickerson." The government plans to argue that man pictured on the license was Mr. Hall. Mr. Hall also moves to prohibit the government from eliciting in-court identifications of Mr. Hall, because he claims they will be impermissibly biased by the witnesses' experience of already identifying Mr. Hall in the flawed photo array. The Court concludes that the photo array was not impermissibly suggestive or otherwise fatally flawed. See Simmons v. United States, 390 U.S. 377, 384 (1968). In-court identification of Mr. Hall will be allowed.

He also moves to exclude evidence of certain prior crimes and bad acts. In particular, the government seeks to introduce evidence of an incident in Delta, British Columbia, in which a suspect, who may have been Mr. Hall, identified himself as "William Nickerson" and produced a California driver's license with that name on it. That evidence is admissible as a means of proving Mr. Hall's identity. Fed. R. Evid. 404(b)(2).

Should Mr. Hall testify, the Court will permit the government to inquire into his felony convictions for dangerous operation of a motor vehicle, because those convictions are

ORDER REGARDING PRETRIAL MOTIONS - 2

substantially more probative than their potential prejudicial effects. See Fed. R. Evid. 609(b)(1). In addition, the Court will permit the government to impeach Mr. Hall, should he testify, with his convictions for breaking and entering and for failure to comply with recognizance. See Fed. R. Evid. 609(a).

Mr. Hall also requests that the Court exclude references to his extradition. The government agrees, except that it seeks to attribute the delay in bringing this case to trial to the extradition process. As explained in the hearing, the Court will explain to the jury that the delay in getting this case to trial is not the fault of either the defendant or the government.

Finally, Mr. Hall raises several issues regarding discovery and other government disclosures. The parties have agreed to continue this case's trial date, which may provide time for the parties to agree on any disputed disclosures. In addition, the government is aware of its ongoing statutory and constitutional duties regarding disclosures. To the extent that discovery and disclosure disputes remain, the Court reserves ruling on them at this time.

Mr. Hall filed a supplemental motion *in limine* to preclude the government from using the word "smuggle" or "smuggling" to describe Mr. Hall's previous activities that ranged between the United States and Canada. Dkt. # 143. The government will be permitted to make inferences from the admissible evidence it intends to introduce. That motion is DENIED.

The government filed a motion *in limine* to exclude testimony of an expert the defense intends to call, who is likely to testify about the unreliability of eyewitness testimony. Dkt. # 148. The Court will permit testimony on the reliability (or lack thereof) of eyewitness testimony generally, but will not permit testimony that a particular identification process in this case was unreliable.

DATED this 14th day of September, 2018.

Robert S. Lasnik
United States District Judge

ORDER REGARDING PRETRIAL MOTIONS - 3