UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NATHAN HALL,<br><br>　　　　　　　Defendant. | Case No. CR13-113RSL<br><br>ORDER CONTINUING<br>TRIAL AND PRETRIAL<br>MOTIONS DATES |

　　　This matter comes upon the oral motion for trial continuance made by Defendant Hall, through counsel, at the pretrial status hearing on September 10, 2018.

　　　THE COURT having considered Defendant's oral motion, as well as the record and files herein, including Defendant's written waivers of speedy trial and the United States' non-opposition, hereby makes the following findings:

　　　1.　　Defendant Hall was indicted by a grand jury in 2013. His first appearance in this district was in January, 2018. Trial originally was scheduled for April, 2018, but was continued upon the motion of Defendant to September 24, 2018. The delay resulting from the first continuance was excluded pursuant to 18 U.S.C. §3151(h) for reasons stated in the Order issued at that time.

　　　2.　　On September 10, 2018, Defendant, through counsel, orally requested an additional trial continuance. Defense counsel explained to the Court that recently-obtained material witness statements necessitated a review of the defense strategy, particularly with regard to the proposed defense expert. Defense counsel represented that he required additional

ORDER CONTINUING TRIAL DATE - 1

time to consult with his proposed expert, his client, and other potential defense witnesses, in order to adequately and effectively represent his client at trial.

3. Defense counsel represented that failure to grant this continuance would be likely to result in a miscarriage of justice, in that it would deny him the reasonable time necessary for effective preparation, in light of the complexity of the case and the numerous international witnesses. Counsel suggested that in light of the recently-obtained material, it would be unreasonable to expect adequate preparation for trial on the date scheduled.

4. The United States, while ready to proceed on September 24, 2018, does not oppose the defense request. The Court was prepared to conduct the trial beginning on September 24, 2018.

5. The Court agrees that to permit counsel to perform effectively, and to avoid a miscarriage of justice, the defense needs adequate time to review the new material, investigate, and consult with his proposed expert and others before trial. Taking into account the exercise of due diligence, the Court further agrees that the current schedule provides insufficient time to insure effective trial preparation within the meaning of 18 U.S.C. §§ 3161(h)(7)(B)(i) and 3161(h)(7)(B)(iv).

6. Defendant has submitted a written "waiver" of the right to a speedy trial, indicating that he understands and agrees that a delay in trial is in his best interest. Defendant has indicated that he understands that his trial is being delayed only because of his request and his attorney's factual representations that more time is necessary to ensure his Constitutional rights are protected.

7. Under these circumstances, the Court finds that a failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

8. The Court further finds that the ends of justice will be served by ordering a continuance in this case, that a continuance is necessary to insure effective trial preparation, and that these factors outweigh the best interests of the public in a more speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

9. Defendant has signed a waiver indicating that he has been advised of his right to a speedy trial and that, after consulting with counsel, he has knowingly and voluntarily waived that right and consented to the continuation of his trial to a date up to and including March 29, 2019, Dkt. # 159, which will allow trial to begin on March 4, 2019, as requested.

IT IS THEREFORE ORDERED that the defense motion is GRANTED. The trial date in this matter is continued to March 4, 2019. The pretrial motions deadline has passed. Any new pretrial motions, including motions in limine, shall be based on newly disclosed material only, and shall be filed no later than February 4, 2019.

IT IS FURTHER ORDERED that the time period between the date of the motion and the new trial date is a reasonable delay and is excludable time, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(6).

DATED this 14th day of September, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge