UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN HALL,<br><br>Defendant. | Case No. CR13-113RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(A)(1). Dkt. # 178. Having considered the motion and the record contained herein, the Court finds as follows:

## I. PROCEDURAL MOTIONS

As an initial matter, the Court finds compelling reasons justify sealing Exhibit A of the government's response (Dkt. # 186). The government's motion to seal (Dkt. # 185) is accordingly GRANTED. The government's motion to file an overlength response (Dkt. # 184) is also GRANTED.

## II. BACKGROUND

Defendant is a 43-year-old inmate currently incarcerated at the North Lake Correction Institution ("North Lake"). On November 21, 2018, defendant pled guilty to two charges: conspiracy to distribute MDMA, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. # 167 at 1. On February 22, 2019, the Court sentenced defendant to 84

ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 1

months' imprisonment and three years of supervised release. Dkt. # 177 at 2–3. Defendant served approximately 31 months and 27 days in Canadian custody pending extradition, PSR at ¶ 3, and the Court recommended full credit for his time served in Canada, Dkt. # 177 at 2. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on June 10, 2021. Dkts. # 178 at 2, # 187 at 5. He now moves for compassionate release.

### III.  LEGAL FRAMEWORK

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; . . .

ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 2

> (ii) . . .
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 3

(A) **Medical Condition of the Defendant**—

 (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

 (ii) The defendant is—

  (I) suffering from a serious physical or medical condition,

  (II) suffering from a serious functional or cognitive impairment, or

  (III) experiencing deteriorating physical or mental health because of the aging process,

 that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

 (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

 (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 4

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13.[1]

---

[1] For the reasons set forth in detail in United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3-5 (W.D. Wash. May 29, 2020), "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not binding." Id. The Court will exercise its discretion to consider "extraordinary and compelling" circumstances that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement. Id.

ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 5

## IV. DEFENDANT'S CIRCUMSTANCES

### a. Exhaustion Requirement

Prior to considering the merits of defendant's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The parties agree that defendant satisfied this requirement by filing a request on July 13, 2020, Dkts. # 178 at 9, # 187 at 8, which the Warden at North Lake denied, Dkt. # 178 at 37. Finding that defendant has exhausted his administrative remedies, the Court will consider the merits of his motion for compassionate release.

### b. "Extraordinary and Compelling" Circumstances

Defendant's motion for compassionate release is based primarily on his health issues, which include testing positive for COVID-19 in May 2020 while incarcerated at North Lake. The Court need not reiterate the widely known information regarding the symptoms of COVID-19 and the devastating global impact of the virus. COVID-19 has created unprecedented challenges for federal prisons, where inmate populations are large and close contact between inmates is unavoidable. As of December 26, 2020, the BOP reports 6,537 federal inmates and 1,616 BOP staff have active, confirmed positive COVID-19 test results. See COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 26, 2020). Since the BOP reported its first case in late March 2020, at least 172 federal inmates and two BOP staff members have died from the virus. Id. North Lake currently reports three inmates and zero staff with active, positive COVID-19 test results. Id.

A review of defendant's BOP medical records reflects that he suffers from hypertension and obesity. See Dkt. # 186 at 3, 36–39, 73–76; Healthy Weight, Nutrition, and Physical Activity, CDC, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited Dec. 26, 2020); Dkt. # 183 at 1. The CDC has identified hypertension as a medical condition that may increase an individual's risk, and obesity as a medical condition that does increase an individual's risk. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 26, 2020). Defendant alleges that as a result of

his COVID-19 infection in May 2020, he continues to experience lingering health problems, including: "shortness of breath, headaches, perpetual exhaustion, above-normal blood pressure, *viz* 148/98, racing pulse 120/minute, loss of taste and smell, loss of sleep and intermittent tingling in his hands [and] feet." Dkt. # 178 at 5. Medical records reflect that at recent clinical encounters, he has reported breathing difficulties, chest pain, and weakness. Dkt. # 186 at 9, 22–33. Much is still unknown about the health impacts and long-term risks for individuals who have contracted COVID-19. The Court finds defendant's recent symptoms concerning in light of its current understanding of the virus. Given defendant's underlying health conditions, and his current symptoms, the Court finds defendant has met his burden to establish that "extraordinary and compelling reasons" warrant his compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i).

### c. Additional Considerations

Prior to granting defendant's motion for compassionate release, the Court must find that defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. The offense that led to defendant's current term of imprisonment is very serious. In March and April of 2013, defendant engaged in a drug-trafficking conspiracy in British Columbia, Canada, which involved smuggling drugs between Canada and the United States by hiking across the border, and he initially eluded United States Customs and Border Protection Agency agents when they encountered him. PSR at ¶¶ 9–16. During that encounter, defendant fired what appeared to be a firearm into the air, though defendant maintained that it was a noise-based bear deterrent device, not capable of causing intentional injury. PSR at ¶ 10. Defendant has no prior convictions in the United States, but he has various convictions in Canada, his most recent in 2012 for failure to comply with recognizance, and his most frequent convictions being for dangerous operation of a motor vehicle and for possession of property obtained by crime. PSR at ¶¶ 36–37. Defendant's prior conduct is very troubling. However, the Court does note that the conduct for which defendant is currently imprisoned occurred more than seven years ago and defendant's criminal history in Canada indicates his prior convictions were mostly nonviolent. PSR at ¶¶ 36–37. Defendant has extensive family ties in British Columbia, including three children. PSR at ¶ 46. With these

considerations in mind, the Court finds defendant is not a danger to the safety of any other person or to the community as provided in § 3142(g). U.S.S.G. § 1B1.13.

In addition, prior to granting compassionate release, the Court must assess whether a sentence reduction to time served is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which requires that a sentence reflect the seriousness of and provide just punishment for the offense. Id. As previously stated, the offense that led to defendant's current term of imprisonment is very serious. Defendant has now served more than five years of a seven-year sentence, including credit for time served while awaiting extradition. Defendant deserved the sentence the Court imposed in February 2019, but the extraordinary nature of the COVID-19 pandemic has altered life as we know it. The risks to defendant's life and health now outweigh the punitive benefits that would be gained from keeping him incarcerated at this time. Cf. United States v. Pippin, CR16-266-JCC, 2020 WL 2602140, at *3 (W.D. Wash. May 20, 2020). Under these circumstances, the Court concludes that releasing defendant early will not frustrate the objectives of § 3553(a).

### V.  CONCLUSION

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. # 178) is GRANTED. The government's motion to seal (Dkt. # 185) and motion to file an overlength response (Dkt. # 184) are also GRANTED.

IT IS HEREBY ORDERED that defendant's custodial sentence be reduced to time served. All other provisions of sentencing remain as previously set.

IT IS FURTHER ORDERED that defendant shall be released fourteen (14) days from the date of this order to accommodate a quarantine period with the Federal Bureau of Prisons. If defendant tests positive for COVID-19 at any time during this quarantine period, BOP will notify the government who will immediately notify the Court so that this order can be modified appropriately.

IT IS FURTHER ORDERED that if defendant is not taken into U.S. Immigration and Customs Enforcement ("ICE") custody upon his release from the Federal Bureau of Prisons, he shall contact the U.S. Probation Office in Seattle within 24 hours and follow its instructions.

IT IS FURTHER ORDERED that if defendant is not deported by immigration officials, he shall reside in and satisfactorily participate in a residential reentry center program, as a condition of supervised release or probation for up to 120 days or until discharged by the Program Manager or U.S. Probation Officer. The defendant may be responsible for a 25% gross income subsistence fee.

IT IS SO ORDERED.

DATED this 4th day of January, 2021.

*[signature]*
Robert S. Lasnik
United States District Judge